IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 3 0 2005
THOMAS K. KAHN
CLERK

No. 05-14566-I

IN RE: BILLY GUYTON,

                                       Petitioner.

Application for Leave to File a Second or
Successive Motion to Vacate, Set Aside, or
Correct Sentence, 28 U.S.C. §§ 2255, 2244(b)(3)(A)

Before **BIRCH, BLACK and PRYOR,** Circuit Judges.

BY THE PANEL:

Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), Billy Guyton has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C).

In his application, Guyton indicates that he wishes to raise the following claims in a second or successive § 2255 motion: (1) his Sixth Amendment right to have a jury determine sentencing facts and his Fifth Amendment right to have these facts charged in the indictment were violated because the district court enhanced his sentence based on certain facts that were not charged in an indictment nor proven to a jury or admitted by him, (2) the district court erred in sentencing him under a mandatory guidelines regime, and (3) ineffective assistance of counsel in that counsel failed to prohibit the district court from enhancing his sentence based on facts not charged in an indictment nor proven to a jury or admitted by him. Guyton contends that his claims rely on a new rule of constitutional law, citing the U.S. Supreme Court's opinions in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and United States v. Booker, 543 U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Guyton also appears to contend that his claims rely on newly discovered evidence, in that the government withheld "exculpatory evidence" related to drug amounts, out-of-court witness statements, and acts of others. Guyton, however, fails to clearly identify, or otherwise describe, this evidence.

In Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Court recently revisited that rule in the context of Washington State's sentencing guideline scheme, clarifying that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 542 U.S. at __, 124 S. Ct. at 2537 (citations omitted). Applying these principles, the Court held that Blakely's sentence violated the Sixth Amendment. Id. at __, 124 S. Ct. at 2534-38.

In Booker, the Supreme Court recently found "no distinction of constitutional significance between the Federal Sentencing Guidelines and the Washington procedures at issue" in Blakely. 543 U.S. at __, 125 S.Ct. at 749. Thus, the Court held that the mandatory nature of the Federal Sentencing Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. Id. at __, 125 S.Ct. at 749-51. Extending its holding in Blakely to the Federal Sentencing Guidelines, the Court explicitly reaffirmed its rationale first pronounced in Apprendi that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at __, 125 S.Ct. at 756.

Guyton's claims fail to satisfy the statutory criteria. 28 U.S.C. § 2255. First, we have held that the Supreme Court has not made Blakely retroactively available on collateral review. In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Next, we have recently held that the Supreme Court has not expressly made Booker retroactively available on collateral review. In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005). Last, Guyton's claims do not rely on newly discovered evidence, as Guyton fails to identify any such evidence.

Guyton has failed to make a prima facie showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255. Accordingly, his application for leave to file a second or successive motion is DENIED.

A True Copy - Attested
Clerk, U.S. Court of Appeals
Eleventh Circuit
Deputy Clerk
Atlanta, Georgia

3

# United States Court of Appeals

Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

August 30, 2005

Scott L. Poff
Clerk, U.S. District Court
801 GLOUCESTER ST RM 229
BRUNSWICK GA 31521-7075

**Appeal Number: 05-14566-I**
Case Style: In Re: Billy Guyton
District Court Number:

The enclosed order has been entered. No further action will be taken in this matter.

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Pamela Allen (404) 335-6188

Encl.

DIS-4 (3-2005)

Scott L. Poff
Clerk, U.S. District Court
801 GLOUCESTER ST RM 229
BRUNSWICK GA 31521-7075

August 30, 2005

**Appeal Number: 05-14566-I**
Case Style: In Re: Billy Guyton
District Court Number:

TO:  Scott L. Poff

CC:  Billy Guyton (09562-021)

CC:  Lisa Godbey Wood

CC:  Administrative File

CC:  Administrative File